## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| MIGUEL T.G., | Case No. 26-CV-243 (NEB/ECW) |
| Petitioner, | |
| v. | ORDER ON PETITION FOR WRIT OF HABEAS CORPUS |
| PAMELA BONDI, Attorney General; KRISTI NOEM, Secretary, U.S. Department of Homeland Security; TODD M. LYONS, Acting Director of Immigration and Customs Enforcement; and DAVID EASTERWOOD, Acting Director, St. Paul Field Office Immigration and Customs Enforcement, | |
| Respondents. | |

This matter is before the Court on Petitioner Miguel T.G.'s Petition for a Writ of Habeas Corpus. (ECF No. 1 ("Pet.").) Miguel T.G. is a citizen of Ecuador who has lived in the United States since January 2023. (*Id.* ¶ 12.) He entered as an asylum seeker and was briefly arrested by Border Patrol before being released. (*Id.* ¶ 13.) Upon release, he traveled to Minnesota because of his strong familial ties here. (*Id.* ¶ 14.) His asylum claim remains active, he has attended all check-ins and immigration court hearings, and he received employment authorization from the Department of Homeland Security in 2024. (*Id.* ¶¶ 16–17.) Miguel T.G. has no criminal record. (*Id.* ¶ 24.)

On January 13, 2026, when Miguel T.G. appeared for his "fifteen-day check-in" appointment with Immigration and Customs Enforcement ("ICE"), ICE took Miguel T.G. into custody. (*Id.* ¶¶ 19–20.) That same day, January 13, 2026, at approximately 4:36 p.m., Miguel T.G. filed this habeas action challenging his detention under 28 U.S.C. § 2241. (ECF No. 6 ¶ 1.)

When Miguel T.G. filed his habeas petition, ICE's Online Detainee Locator did not specify his location and said, "Call ICE For Details." (*Id.* ¶ 3; Pet. ¶ 20.) His attorney has made numerous calls to ICE's St. Paul Field Office, but the line has been busy every time. (ECF No. 6 ¶ 4.) So, the Petition alleges, on information and belief, that after his arrest, Miguel T.G. was taken to the Fort Snelling immigration building on 1 Federal Drive, St. Paul, Minnesota. (Pet. ¶ 20.).

## I.    Jurisdiction

Respondents contend that Miguel T.G. was allegedly booked into custody in Houston, Texas before his Petition was filed, so the Court lacks jurisdiction over his Petition and should transfer it to the Western District of Texas. (ECF No. 4 at 2.[1])

Generally, habeas petitions seeking to challenge present physical custody should (1) name the petitioner's immediate custodian as a respondent (immediate custodian

---

[1] All page citations to the record reference ECF pagination.

rule); and (2) be filed in the district of confinement (district of confinement rule), but the Supreme Court recognizes exceptions to these jurisdictional default rules. *Rumsfeld v. Padilla*, 542 U.S. 426, 434–35, 443–44 (2004); *see Harris v. Ciccone*, 417 F.2d 479, 480 n.1 (8th Cir. 1969). One exception is that "when the Government moves a habeas petitioner after she properly files a petition naming her immediate custodian, the District Court retains jurisdiction." *Padilla*, 542 U.S. at 441 (discussing *Ex parte Endo*, 323 U.S. 283 (1944)); *Ex parte Endo*, 323 U.S. at 304–07.

Respondents do not argue that the Petition failed to name Miguel T.G.'s immediate custodian, and they have failed to offer any support that Miguel T.G. was not in Minnesota when he filed his Petition.

Respondents do not dispute that Miguel T.G. was arrested in Minnesota. (ECF No. 4 at 2.) And Respondents have not produced any evidence (for example, exhibits or affidavits) to support their assertion that Miguel T.G. was booked into custody in Houston, Texas by 4:00 p.m. on January 12, 2026. In fact, Respondents "do not dispute the salient facts alleged in the Petition," but their assertion that Miguel T.G. was in custody in Texas on January 12, 2026 directly contradicts a salient fact in the Petition: Petitioner was detained during his check-in on January 13, 2026. (*Id.*; Pet. ¶ 20.) Respondents offer nothing more than a blanket and contradictory assertion to argue that this Court lacks jurisdiction.

Nor is Respondents' case law persuasive or applicable. They cite *Fisenko K. v. Warden D. Ray James Processing Center*, as support, but the petitioner in *Fisenko K.*, who was detained in Georgia, did not appear to have lived or been in Minnesota prior to his detention; he did not have any connection with Minnesota whatsoever. (No. 25-CV-4654 (PJS/DLM), ECF No. 3, at 1 (D. Minn. Dec. 17, 2025) ("Petitioner does not appear to have resided in Minnesota prior to his detention, is not being detained in Minnesota, and has no other obvious connection to Minnesota.").) And in *Garcia v. London*, the *petitioner* asked the court to transfer venue, and respondents did not object. No. 8:25-CV-624, 2025 WL 3540922, at *1 (D. Neb. Dec. 10, 2025). Miguel T.G. has lived in Minnesota for three years and was detained here; and the parties dispute transferring venue.

Because Respondents do not contest whether the Petition names Miguel T.G.'s immediate custodian, and because they offer no support for their assertion that his transfer to Texas occurred before the Petition's filing, the Court declines to transfer the case to the Western District of Texas.[2] The Court thus turns to the merits of the Petition.

---

[2] Because Respondents have failed to provide evidence that Miguel T.G. was not in Minnesota at the time the Petition was filed, the Court need not consider whether it retains jurisdiction under other possible exceptions to the immediate custodian and district of confinement rules.

## II.      1225/1226 Analysis

Miguel T.G. is one of hundreds of petitioners across the country who have challenged their custody without an individualized bond determination. Like those petitioners, Miguel T.G. argues he has been misclassified as a detainee under 8 U.S.C. Section 1225(b)(2) of the Immigration and Nationality Act ("INA") rather than Section 1226(a). Detention is mandatory under Section 1225(b)(2), but discretionary under Section 1226(a); and Section 1226(a), unlike Section 1225, provides for a bond hearing. 8 U.S.C. §§ 1225, 1226; *see also Jose J.O.E. v. Bondi*, 797 F. Supp. 3d 957, 961–62 (D. Minn. 2025) (describing the legal framework of Sections 1225 and 1226).

Because he has been living in the United States since he entered the country three years ago, Miguel T.G. asserts that Section 1226, rather than Section 1225, applies. He therefore argues that he is entitled to a bond hearing and that his detention under Section 1225(b)(2) violates the Fifth Amendment, INA, and the Administrative Procedure Act.

As Respondents recognize, the Court has already concluded that petitioners similarly situated to Miguel T.G. are entitled to a bond hearing under the law. *Andres R.E. v. Bondi*, No. 25-CV-3946 (NEB/DLM), 2025 WL 3146312 (D. Minn. Nov. 4, 2025). Section 1225(b)(2) applies to applicants "seeking admission," but the government did not detain Miguel T.G. while he was entering the United States. Instead, he was detained while

5

"already in the country." *See Jennings v. Rodriguez*, 583 U.S. 281, 289 (2018) (construing 8 U.S.C. Sections 1226(a) and (c)). So, Section 1226 applies.

The Court is not alone in its decision; rather, the majority of courts to rule on the matter—including the only federal court of appeals to weigh in on the issue—came to the same conclusion as *R.E. See, e.g.*, *Castañon-Nava v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048, 1060–62 (7th Cir. 2025); *Francisco T. v. Bondi*, 797 F. Supp. 3d 970, 974–76 (D. Minn. 2025); *Belsai D.S. v. Bondi*, --- F. Supp. 3d ---, No. 25-CV-3682 (KMM/EMB), 2025 WL 2802947, at *6–7 (D. Minn. Oct. 1, 2025); *Eliseo A.A. v. Olson*, --- F. Supp. 3d ---, No. 25-CV-3381 (JWB/DJF), 2025 WL 2886729, at *2–4 (D. Minn. Oct. 8, 2025); *Avila v. Bondi*, No. 25-CV-3741 (JRT/SGE), 2025 WL 2976539, at *5–7 (D. Minn. Oct. 21, 2025), *appeal filed*, No. 25-3248 (8th Cir. Nov. 10, 2025); *E.M. v. Noem*, 25-CV-3975 (SRN/DTS), 2025 WL 3157839, at *4–8 (D. Minn. Nov. 12, 2025); *Santos M.C. v. Olson*, No. 25-CV-4264 (PJS/DJF), 2025 WL 3281787, at *2–3 (D. Minn. Nov. 25, 2025).

Respondents effectively concede that the Court's decision in *R.E.* controls Miguel T.G.'s Petition but ask the Court to reconsider its position in light of decisions from the minority viewpoint and refers the Court to Respondents' arguments in *Avila v. Bondi*, No. 25-3248 (8th Cir. Docketed Nov. 10, 2025). (ECF No. 4.) The Court is not persuaded by the

minority viewpoint, including the additional cases cited by Respondents; it has already considered and rejected the minority position.[3]

The Court therefore grants the Petition for Writ of Habeas Corpus to the extent it requests a bond hearing and seeks to enjoin Respondents from applying Section 1225(b)(2) to Miguel T.G.

## CONCLUSION

Based on the foregoing and on all the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1.  The Petition for Writ of Habeas Corpus (ECF No. 1) is GRANTED IN PART and DENIED IN PART. Specifically, the Court:

    a.  DECLARES that Petitioner is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2), and is instead subject to detention, if at all, pursuant to the discretionary authority of 8 U.S.C. § 1226;

    b.  ENJOINS Respondents from denying release or other relief on the basis that Petitioner is subject to mandatory detention under § 1225(b)(2);

---

[3] The Court notes that Respondents' arguments to the contrary are preserved for appeal.

7

     c.      ORDERS Respondents to immediately return Petitioner to Minnesota;

     d.      ENJOINS Respondents from moving Petitioner outside of Minnesota after he is returned to Minnesota;

     e.      ORDERS that, within **seven days**, Respondents must either provide Petitioner a bond hearing under 8 U.S.C. § 1226(a) or release him; and

     f.      ORDERS that, within **fourteen days**, the parties shall provide the Court with a status update concerning the results of any bond hearing conducted pursuant to this Order, or if no bond hearing was held, advise the Court regarding Petitioner's release. Further, the parties shall advise the Court whether any additional proceedings in this matter are required and submit any proposals for the scope of further litigation.

2.     The remainder of Petitioner's Petition is DENIED WITHOUT PREJUDICE.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: January 22, 2026           BY THE COURT:
Time: 5:15 p.m.               s/Nancy E. Brasel
                                Nancy E. Brasel
                                United States District Judge